No. 55　　　　　August 19, 2014　　　　　1

IN THE SUPREME COURT OF THE
STATE OF OREGON

Pat McCORMICK
and Scott Dahlman,
*Petitioners,*

*v.*

Kate BROWN,
Secretary of State;
Ted Wheeler, State Treasurer;
Michael Jordan, Director,
Department of Administrative Services;
James Bucholz, Director,
Department of Revenue;
and Debra Guzman, Local Representative,
*Respondents.*
(S062505)

En Banc

On petition to review estimate of financial impact filed August 11, 2014; considered and under advisement August 15, 2014.

John DiLorenzo, Jr., Davis Wright Tremaine LLP, Portland, filed the petition and responses for petitioners.

Matthew J. Lysne, Senior Assistant Attorney General, Salem, filed the answering memorandum and responses for respondents. With him on the memorandum and responses were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Per Curiam

Second estimate of financial impact to be prepared, filed, and certified. Appellate judgment to issue forthwith.

**PER CURIAM**

This matter is before the Court on a petition to review an estimate of financial impact statement for Ballot Measure 92 (2014) (requiring food manufacturers and retailers to label "genetically engineered" foods as such). Petitioners Pat McCormick and Scott Dahlman contend that the estimate was prepared without complying with the necessary procedures. Respondents, members of the financial estimate committee created under ORS 250.125, have responded and concede that the procedures were not followed. Accordingly, we direct the preparation of a second estimate.

Pursuant to ORS 250.131(1), this court has jurisdiction of petitions that assert that an estimate of financial impact was not prepared in accordance with statutory procedures.[1] Petitioners here assert that the financial estimate committee did not consult with the Legislative Revenue Officer regarding indirect costs of the measure, as is required by statute. *See* ORS 250.125(4).[2] Respondents agree that the financial estimate committee did not consult the Legislative Revenue Officer regarding indirect costs.

In light of respondents' concession, we conclude that the procedures required under ORS 250.125 and ORS 250.127

---

[1] ORS 250.131 provides, in part:

"(1) Any person alleging that an estimate or statement described in ORS 250.125 was prepared, filed or certified in violation of the procedures specified in ORS 250.125 or 250.127 may petition the Supreme Court seeking that the required procedures be followed and stating the reasons the estimate or statement filed with the court does not satisfy the required procedures. A petition is not allowed concerning the contents of the estimate or statement or whether an estimate or statement should be prepared."

[2] ORS 250.125(4) provides:

"For a state measure for which an estimate is required to be prepared under subsection (1) of this section, the financial estimate committee shall consult with the Legislative Revenue Officer to determine if the measure has potentially significant indirect economic or fiscal effects. If the committee determines that the indirect economic or fiscal effects of the measure are significant and can be estimated, the Legislative Revenue Officer shall prepare on behalf of the committee an impartial estimate of the indirect economic or fiscal effects of the measure. The Legislative Revenue Officer shall use the best available economic models and data to produce the estimate. The financial estimate committee shall incorporate relevant parts of the estimate prepared by the Legislative Revenue Officer into the estimate prepared by the committee under subsection (1) of this section."

were not satisfied. Accordingly, we order that a second estimate be prepared, filed, and certified in accordance with the relevant statutes. *See* ORS 250.131(3).[3]

Second estimate of financial impact to be prepared, filed, and certified. Appellate judgment to issue forthwith.

---

[3] ORS 250.131(3) provides:

"If the court determines that the procedures described in ORS 250.125 and 250.127 were not satisfied, the court shall order the preparation of a second estimate or statement, to be prepared, filed and certified as provided in ORS 250.125 and 250.127 except that:

"(a) The financial estimate committee created under ORS 250.125 shall prepare and file with the Secretary of State an estimate or statement not later than two days following the decision of the court;

"(b) A hearing shall be held within two days after the estimate or statement is filed; and

"(c) An estimate or statement shall be certified not later than seven days after the decision of the court. The procedures under which the second estimate or statement is filed and certified may not be appealed."